IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF OKLAHOMA

TAQWENSHA SPENCER, as Mother )
and Next Friend of H.S., a minor, )
)
              Plaintiff, )
)
v. )    No. CIV-20-712-R
)
BRISTOL-MYERS SQUIBB COMPANY, )
)
              Defendant. )

## ORDER

Before the Court is the Motion for Judgment on the Pleadings (Doc. No. 10) filed by Defendant Bristol-Myers Squibb Co. Plaintiff did not respond in opposition to the motion nor did she seek an extension of time in which to respond. Upon consideration of Defendant's motion and the relevant law, the Court hereby GRANTS the motion.

Plaintiff filed this action against certain drug manufacturers, including the movant, as well as a retail pharmacy company in the District Court of Grady County, Oklahoma. Without awaiting service and citing the Court's diversity jurisdiction, Defendant Bristol-Myers Squibb removed the action to this Court. The remaining Defendants were dismissed by the Court when Plaintiff failed to secure timely service or to show cause why the deadline for service should be excused. The Petition alleges strict liability and negligence claims against Defendant Bristol-Myers Squibb with regard to Abilify, a drug it manufactured and sold. The claims are premised on a number of grounds,

including the alleged failure to give proper warnings.[1] Defendant seeks judgment on the pleadings on the warning claims, arguing that it is entitled to judgment as a matter of law on Plaintiff's warning claims, both strict liability and negligence.

The Court reviews a motion for judgment on the pleadings pursuant to Fed. R. Civ. P. 12(c) under the same standard applicable to a 12(b)(6) dismissal. *Ramirez v. Dep't of Corr.*, 222 F.3d 1238, 1240 (10th Cir.2000). A motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6) is properly granted when a complaint provides no "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). A complaint must contain enough "facts to state a claim to relief that is plausible on its face" *Id.* at 570 and the factual allegations "must be enough to raise a right to relief above the speculative level." *Id.* at 555 (citations omitted). "[O]nce a claim has been stated adequately, it may be supported by showing any set of facts consistent with the allegations in the complaint." *Id.* at 563. For the purpose of making the determination, the Court accepts all the well-pleaded allegations of the complaint as true and construes the allegations in the light most favorable to the plaintiff. *Twombly*, 550 U.S. at 555; *Alvarado v. KOB-TV, L.L.C.*, 493 F.3d 1210, 1215 (10th Cir. 2007). However, the Court need not accept as true conclusory allegations. *Erikson v. Pawnee Cnty. Bd. of Cnty. Comm'rs*, 263 F.3d 1151, 1154-55 (10th Cir. 2001).

---

[1] Paragraph 11 of the Petition alleges "Defendant is liable for wrongful conduct in connection with the development, design, testing, labeling, packaging, promoting, advertising, marketing, distrusting (sic) and selling of Abilify." (Doc. No. 1-1, ¶ 11). Plaintiff also alleges negligence in design, manufacture, distribution and warnings of Abilify. *Id.* ¶ 12 and ¶ 27.

Defendant attached the Abilify labels as exhibits to its motion. "Generally, the sufficiency of a complaint must rest on its contents alone." *Gee v. Pacheco*, 627 F.3d 1178, 1186 (10th Cir. 2010). Thus, "[w]hen a party presents matters outside of the pleadings for consideration ... 'the court must either exclude the material or treat the motion as one for summary judgment.'" *Brokers' Choice of Am., Inc. v. NBC Universal, Inc.*, 861 F.3d 1081, 1103 (10th Cir. 2017) (quoting *Alexander v. Oklahoma*, 382 F.3d 1206, 1214 (10th Cir. 2004)). Certain exceptions exist, and the court may consider: (1) documents attached to the complaint as exhibits; (2) documents referenced in the complaint that are central to the plaintiff's claims if the parties do not dispute the documents' authenticity; and (3) matters of which the court may take judicial notice. *Gee*, 627 F.3d at 1186. The Court can take judicial notice of the FDA-approved warning labels, which are public records.

Defendant contends with regard to Plaintiff's strict liability and negligent failure to warn claims that Plaintiff fails to identify any warnings that should have been included but were not already on the Abilify FDA-approved labeling. Specifically, Defendant notes that both diabetes and behavioral issues are potential side effects identified on the Abilify label. Defendant next argues that the Petition fails to allege that additional warnings would have prevented the alleged injuries, relying on Oklahoma's adoption of the learned intermediary doctrine.

When a plaintiff sues a supplier or retailer under a strict products liability theory, the plaintiff must establish "(1) that the product caused plaintiff's injury; (2) that the defect existed in the product at the time of sale or at the time it left the retailer's possession and control; and (3) that the defect made the product unreasonably dangerous." *Wheeler v. HO*

3

*Sports Inc.*, 232 F.3d 754, 756 (10th Cir. 2000) (citing *Kirkland v. Gen. Motors Corp.*, 521 P.2d 1353 (Okla. 1974)); *see Holt v. Deere & Co.*, 24 F.3d 1289, 1292 (10th Cir. 1994). The defect alleged "may be the result of a problem in the product's design or manufacture, or it may be the result of inadequate warnings regarding use of the product." *Wheeler*, 232 F.3d at 757 (internal quotation marks omitted).

"Under Oklahoma law, all negligence claims require proof of a duty, a breach of that duty, and causation." *Martinez v. Angel Expl., LLC*, 798 F.3d 968, 974 (10th Cir. 2015) (citing *Scott v. Archon Grp., L.P.*, 191 P.3d 1207 (Okla. 2008)).

Here Plaintiff's Petition alleges that T.W. was prescribed Ability for several years.[2]

"That for several years the Minor Plaintiff was using the prescribed drug Abilify and developed diabetes and uncontrollable behaviors." (Petition, ¶ 10). "Abilify, manufactured by Defendant, was a defective product, and Defendant failed to label the product in the proper manner." *Id.*pa 11. Plaintiff does not identify how the labeling for Abilify was inadequate or improper. Plaintiff's negligence claim makes similar allegations about the allegedly improper warnings for Abilify. "Defendant breached its duty of reasonable care to Minor Plaintiff by negligently . . . . labeling its product, Abilify." (Petition, ¶ 26). Plaintiff further alleges Defendant was negligent in "failing to warn or instruct, and/or adequately warn or adequately instruct, users of the subject product, including Minor Plaintiff herein, of these drugs' dangerous and defective characteristics." Petition, ¶ 27(b). She similarly alleges that Defendant was negligent in "failing to

---

[2] Plaintiff does not identify the physician who prescribed the medication nor when the medication was first prescribed.

4

adequately warn Minor Plaintiff and her healthcare providers that the use of the drug carried a risk of developing uncontrollable behaviors." (*Id.* ¶ 27(j)).[3]

To the extent Plaintiff is complaining that she was not informed of the side effects of Abilify, the claim is precluded by Oklahoma's adoption of the learned intermediary doctrine.

> The doctrine operates as an exception to the manufacturer's duty to warn the ultimate consumer, and shields manufacturers of prescription drugs from liability if the manufacturer adequately warns the *prescribing physicians* of the dangers of the drug. *McKee* [*v. Moore*, 648 P.2d 21,] 24 [(Okla. 1982)]. The reasoning behind this rule is that the doctor acts as a learned intermediary between the patient and the prescription drug manufacturer by assessing the medical risks in light of the patient's needs. *Cunningham v. Pfizer & Co.*, 532 P.2d 1377, 1381 (Okla. 1975).

*Edwards v. Basel Pharmaceuticals*, 933 P.2d 298, 300 (Okla. 1997). Therefore, her contention that she was not properly warned fail as a matter of law.

Although Plaintiff alleges that Defendant failed to adequately apprise healthcare workers and the industry of the side effects of Abilify, her Petition does not contain sufficient non-conclusory facts to support a claim under either a strict liability or negligence theory. This is so because Plaintiff does not allege any facts from which it can be inferred that, if Defendant had properly informed the prescribing physician of the risks of Abilify, specifically as to diabetes and uncontrollable behavior, the physician would not have prescribed it to H.S. Absent such allegations, the Petition is insufficient. *See Tumblin*

---

[3] Plaintiff alleges in paragraph 28 of the Petition that Defendant was negligent in "failing to adequately and timely inform Minor Plaintiff and the healthcare industry of the risk of serious personal injury, namely irreversible. (sic)"

*v. Pfizer Pharmaceutical*, No. CIV-10-211-F, 2010 WL 11565310, *1 (W.D. Okla. July 22, 2010).

For the reasons set forth herein, Defendant's Motion for Judgment on the Pleadings is GRANTED.

**IT IS SO ORDERED** this 8th day of March 2021.

*[signature]*
DAVID L. RUSSELL
UNITED STATES DISTRICT JUDGE